JOHN T. HARROLD, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY, Appellant.

*Damages — in an action for negligence — when the verdict will not be set aside as excessive.*

Upon the trial of this action brought to recover damages for personal injuries alleged to have been occasioned by the defendant's negligence, evidence was given tending to show that the plaintiff, a man about forty years old, in the full vigor of health, was suddenly injured by the shock of a collision which occurred upon the defendant's railroad; that besides many lesser injuries the accident produced a concussion of the spine, the result of which has been chronic inflammation of the membranes which envelope the spinal chord; that the disease was a progressive one; that it had already largely impaired his faculties, both mental and physical, and that it would probably progress until paralysis and premature death ensued.

*Held,* that a verdict in the plaintiff's favor for $30,000 would not be set aside as excessive.

APPEALS from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from parts of the order made at Special Term, on the 27th day of May, 1880, denying the motion to set aside the verdict, on the ground of alleged irregularity in drawing a jury and of alleged excessive damages, and from that part of said order making an extra allowance to the plaintiff and from a Special Term order made on the 8th day of July, 1880, denying a motion to set aside the verdict "because it is for excessive damages," and from an order made on the 8th day of July, 1880, denying the defendant's motion for a new trial, and to set aside the verdict because there had been a mis-trial.

This action was brought to recover damages for personal injuries received by the plaintiff, a passenger for hire on the Elevated Railroad, then owned and operated by the defendant, on the 25th day of March, 1879, at or near Forty-second street and Third avenue, in the city of New York.

Upon the trial evidence was given tending to show that on the last mentioned day the plaintiff (a builder) took passage over the said road at Franklin Square, to go to another station on that road at or near Eightieth street, in said city; that he entered one

of the defendant's passenger cars of the "up trains" for that purpose; that when the plaintiff's train was approaching Forty-second street, and owing to the defendant's carelessness and negligence, one of the defendant's "down trains" was switched off from the down track upon the up track and collided with the train in which the plaintiff was a passenger, causing a great destruction of the engine and cars, injuring several passengers and severely and permanently injuring the plaintiff.

*William Dorsheimer* and *John H. Bergen,* for the appellant.

*A. H. Dailey* and *Homer A. Nelson,* for the respondent.

GILBERT, J.:

Neither of these appeals seems to rest on any tenable ground.

I. The appeal from the judgment depends upon the exception taken to the refusal of the judge to charge the jury in the terms of the fifth request of the defendant's counsel. We think that such refusal was proper for two reasons: 1. The request involved a proposition of fact and not one of law. 2. The proposition of fact stated, depended upon inferences which might be drawn from contradictory testimony.

II. We think that the evidence is insufficient to show that the name of the juror Weber was not called when the jury were impanneled. Mr. Webb was then serving as a juror in another case. The ballot containing his name could not then have been regularly in the box from which the jury in this case was drawn. The mistake probably arose from the omission of the clerk to deposit the ballots containing the names of the jury, on which Mr. Webb was serving, in the box provided for that purpose, before the jurors in this case were sworn. However that may be, it is enough that the juror Weber was in fact called when the jury was impanneled and served throughout the trial without objection.

III. The right of the plaintiff to recover was not disputed. The amount of damages to be awarded, depended upon the degree of credence which the jury should give to the testimony of the experts on the respective sides. No question of the competency of these witnesses was raised. They were all of them gentlemen of high

professional repute; and yet on the turning point, namely, whether the plaintiff had sustained a permanent injury, the opinions expressed by the defendant's witnesses were diametrically opposed to those to which the plaintiff's witnesses testified.

This contrariety of opinion ought, certainly, to add to the accumulating distrust of the testimony of experts in cases of this kind. Still the determination of the effect to be given to the testimony belonged exclusively to the jury. The whole subject was submitted to them in an unexceptionable manner. The amount of the verdict shows very satisfactorily that they gave credit to the testimony of the witnesses for the plaintiff.

The case, therefore, is this: A man forty years old, in the full vigor of health, was suddenly injured by the shock of a collision which occurred upon the defendant's railroad. Besides many lesser injuries, the accident produced a concussion of the spine, the result of which has been chronic inflammation of the membranes which envelope the spinal chord. That disease is a progressive one. It has already largely impaired the plaintiff's faculties both mental and physical, and it will probably progress until paralysis and premature death ensue. We are unable to say that a verdict of $30,000 in such a case is excessive. That amount, surely, is not more than a liberal compensation for the injury inflicted upon the plaintiff. No bias, prejudice or partiality has been imputed to the jury. The justice who presided at the trial approved the verdict, and we have discovered no reason for setting it aside.

The judgment and order must be affirmed, with costs.

Present — BARNARD, P. J.; GILBERT and DYKMAN, JJ.

Order of May 27, 1880, affirmed, with costs and disbursements. Order of July 8, 1880, denying motion to set aside verdict for excessive damages, affirmed. Order of July 8, 1880, refusing to set aside verdict because there had been a mis-trial, affirmed.